IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARILYN KAVANAUGH, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 26-CV-3454 |
| | : | |
| MAYOR ORBUCK, *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM**

**SÁNCHEZ, J.**                                                    **JULY 10, 2026**

*Pro se* Plaintiff Marilyn Kavanaugh brings this civil action, naming two individual Defendants. Kavanaugh also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Kavanaugh's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) and dismiss the Complaint (ECF No. 2) on statutory screening pursuant to 28 U.S.C. § 1915.

## I.    FACTUAL ALLEGATIONS[1]

Kavanaugh's Complaint is rambling and difficult to follow. Her basic allegation appears to be that two men named "Mark Hilderbran" and "Mayor Orbuck" "did horrible things" to force her out of a building they own. (Compl. at 2.) She states that she is an 80-year-old black woman, and these two white men "all but raped" her, beat her, and handcuffed her after she "called Licenses [and] Inspections on them." (*Id.* at 1-3.) She alleges that they "threw [her] out

---

[1] The facts set forth in this Memorandum are taken from Kavanaugh's Complaint (ECF No. 2). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system. Grammar, spelling, and punctuation errors are cleaned up where necessary. Additionally, the Court includes facts reflected in publicly available state court records, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

with threats of harming [her] more." (*Id.* at 3.)  She states that she has "been homeless since then." (*Id.*)  She appears to state that this happened at an unspecified point "last year," at 3901 Market Street on the fourth floor.  (*Id.* at 4.)  She further alleges that "they told cops [she] was crazy [and] they got a judge to lie [and] sign false papers on [her]." (*Id.* at 6.)

The Court takes judicial notice of publicly available state court dockets reflecting that Kavanaugh was evicted from 3901 Market Street, apartment 417, on January 22, 2024.  *See Univ. Plaza Assoc. v. Kavanaugh*, No. LT-23-08-23-5131 (Phila. Mun. Ct.); *see also Univ. Plaza Assoc. v. Kavanaugh*, No. 231100919 (C.P. Phila. Nov. 8, 2023) (denying emergency motion to stay eviction).  The Court also notes that 3901 Market Street appears to be University Square Apartments, an "affordable senior living" facility operated by Orbach Affordable Housing, owned by an individual named Meyer Orbach.  *See* Orbach Group, *University Square Apartments*, https://orbachgroup.com/housing/university-square-apartments; *see also* Orbach Group, *About*, https://orbachgroup.com/about (both last visited July 9, 2026).

Kavanaugh's Complaint does not indicate the legal basis of any claims or whether she is invoking the Court's federal-question or diversity jurisdiction.  (*See* Compl. at 3.)  She states that she "want[s] enough money to live some place at [her] old age in [peace]." (*Id.* at 5.)

## II.    STANDARD OF REVIEW

Because it appears that Kavanaugh is incapable of paying the fees to commence this civil action, the Court will grant leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Kavanaugh's Complaint if it fails to state a claim.  The Court applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), that is, whether a complaint contains "sufficient factual matter, accepted as true, to state a claim

to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in the plaintiff's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim."  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *See Iqbal*, 556 U.S. at 678; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue.").

As Kavanaugh is proceeding *pro se*, the Court construes the allegations in the Complaint liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.*  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  *Id.* (quoting *Mala*, 704 F. 3d at 245).  An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants."  *Id.*

In that regard, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *See Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  Rule 8 requires a pleading to include a "short and plain statement showing that the pleader is entitled to relief," as well as a statement of the court's jurisdiction and a demand for the relief sought.  Fed. R. Civ. P. 8(a).  In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by [the named] defendants' in regard to the plaintiff's claims."

3

*Garrett*, 938 F.3d at 93 (citation omitted).  "Naturally, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8."  *Id.* (cleaned up).  The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

The Court must also review the pleadings and dismiss the matter if it determines that the action fails to set forth a proper basis for this Court's subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

## III.    DISCUSSION

Liberally construed, Kavanaugh's Complaint vaguely alleges an assault by the two named Defendants, whom she appears to state were her landlords, in an effort to evict her after she complained to a city agency about repairs.  However, she states no specific basis for her claims and includes no clear prayer for relief, thus she fails to comply with Rule 8.[2]

---

[2] Kavanaugh uses the words "fair housing" at one point in her Complaint but does not otherwise state any facts to invoke the Fair Housing Act.  (*See* Compl. at 3.)  Passing references to legal provisions are insufficient to bring a plausible claim before the Court.  *See Higgins v. Bayada Home Health Care Inc.*, 62 F.4th 755, 763 (3d Cir. 2023) ("A passing reference to an issue will not suffice to bring that issue before this court.") (cleaned up) (quoting *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)).

"Fundamentally, Rule 8 requires that a complaint provide fair notice of what the claim is and the grounds upon which it rests." *Gowans v. Axsom,* No. 25-2070, 2025 WL 2848907, at \*1 (3d Cir. Oct. 8, 2025) (quoting *Garrett*, 938 F.3d at 92). Dismissals under Rule 8 are "reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

Because the claims are unclear and the facts are underdeveloped, Kavanaugh fails to provide fair notice of the grounds upon which the claims against the Defendants rest, as required by Rule 8. *See Gowans,* 2025 WL 2848907, at \*1 ("The District Court did not abuse its discretion when it dismissed Gowan's [sic] second amended complaint under Rule 8, as it was so vague that it did not provide 'notice of what the claim is and the grounds upon which it rests.'" (quoting *Garrett*, 938 F.3d at 92)); *see also Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at \*3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits).

Kavanaugh also does not satisfy her burden to establish the Court's jurisdiction over her claims. "A federal court has subject matter jurisdiction over civil actions arising under 'the Constitution, laws, or treaties of the United States' (federal question jurisdiction) and civil actions between citizens of different states with the amount in controversy exceeding the sum or value of $75,000 (diversity jurisdiction)." *Rockefeller v. Comcast Corp.*, 424 F. App'x 82, 83 (3d Cir. 2011) (*per curiam*) (citing 28 U.S.C. §§ 1331, 1332(a)). "Because subject matter jurisdiction involves 'a court's power to hear a case,' we have an 'independent obligation to

determine whether subject-matter jurisdiction exists.'" *N.J. Carpenters v. Tishman Const. Corp*, 760 F.3d 297, 302 (3d Cir. 2014) (quoting *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006)).

Kavanaugh does not indicate if her claims arise under federal law or state law, does not plead which states she or the Defendants are citizens of, and does not clearly assert the amount in controversy, so she has not pleaded a sufficient basis for the Court's federal question or diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332.

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Kavanaugh's Motion to Proceed *In Forma Pauperis* and dismiss her Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915. In an abundance of caution, Kavanaugh will be granted leave to file an amended complaint to cure the defects identified above. An appropriate order follows, which includes more information about amendment.

**BY THE COURT:**

**/s/ Juan R. Sánchez**

**JUAN R. SÁNCHEZ, J.**

6